IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY DEVON DANDRIDGE, #222699, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-193-WKW |
| | ) | |
| RICHARD DEAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Danny Devon Dandridge, a state inmate, filed this 42 U.S.C. § 1983 action in which he alleges that the defendant violated his right to due process by depriving him of a witness during a disciplinary hearing conducted on March 11, 2017. Doc. 1 at 2. Dandridge also alleges that the defendant's actions subjected him to cruel and unusual punishment. Doc. 1 at 2–3. Dandridge did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. In support of this request, Dandridge provided financial information necessary to determine the average monthly balance in his inmate account for the six-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Dandridge and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Dandridge owed an initial partial filing fee of $28.57. Doc. 3 at 1–2. The court therefore ordered Dandridge to pay the initial partial filing fee on or before April 24, 2017. Doc. 3

at 2. In addition, this order specifically informed Dandridge "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee**." Doc. 3 at 2 (emphasis in original). The order also "advised [Dandridge] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 3. Moreover, the court specifically cautioned Dandridge that failure to pay the requisite fee within the time allowed by the court would result in a recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3 at 3.

Dandridge has failed to pay the initial partial filing fee within the time allowed by the court. The court has considered whether a measure less drastic than dismissal would be effective to bring Dandridge in compliance with the court's orders, but finds that a fine would be ineffectual in as much as he is an indigent individual, and that his failure to pay indicates an abandonment of this action. The court therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of Plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

Plaintiff may file objections to the Recommendation on or before **May 18, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

The Clerk is DIRECTED to provide a copy of the Recommendation to Dandridge at his address of record and his current place of incarceration as indicated on the inmate database maintained by the Alabama Department of Corrections, specifically the J. O. Davis Correctional Facility.

DONE this 4th day of May, 2017.

                                            /s/ Gray M. Borden
                                 UNITED STATES MAGISTRATE JUDGE